# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BERNADINE PANUNTI<br>325 Penn Avenue<br>Dupont, PA 18641,<br><br>    Plaintiff,<br><br>    v.<br><br>CIGNA GROUP INSURANCE<br>1600 West Carson Street<br>Pittsburgh, PA 15219<br><br>and<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA<br>1601 Chestnut Street<br>Philadelphia, PA 19192,<br><br>    Defendants. | No. |

## NOTICE OF REMOVAL

Defendants Life Insurance Company of North America ("LINA") and Cigna Group Insurance (collectively the "Defendants")[1], through counsel, hereby file this Notice of Removal pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1441. et seq. The grounds for removal are as follows:

1. Plaintiff Bernadine Panunti ("Plaintiff") commenced this action against Defendants by filing a Praecipe for Writ of Summons in the Court of Common Pleas of Luzerne

---

[1] Cigna Group Insurance is a registered service mark of Cigna Intellectual Property, Inc., licensed for use by insurance company subsidiaries of Cigna Corporation, including Life Insurance Company of North America, Cigna Life Insurance Company of New York and Connecticut General Life Insurance Company. Products and services are provided by these insurance company subsidiaries and not by Cigna Corporation. Cigna Group Insurance is not a viable entity or party that can be sued. For purposes of this Notice of Removal, Cigna Group Insurance is included in the caption and referred to as a defendant without any admission that it is a proper defendant in this action.

County, Pennsylvania on November 7, 2013. Plaintiff filed a Praceipe to Reissue the Writ of Summons on January 6, 2014. This matter is captioned *Panunti v. Cigna Group Insurance*, Case No. 2013-12858.

2. Plaintiff filed a Complaint in the Court of Common Pleas of Luzerne County, Pennsylvania on June 23, 2014. A true and correct copy of the Complaint is attached hereto as <u>Exhibit A</u> and incorporated herein by reference.

3. The Complaint was received by Defendants by mail on June 26, 2014.

4. No other process or pleading has been filed in this action as of the date of the filing of this Notice of Removal.

5. Defendants have not yet filed a responsive pleading to the Complaint.

6. Defendants are filing this Notice within thirty days after receipt of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based as allowed by 28 U.S.C. § 1446(b).

7. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over a civil action arising under the laws of the United States.

8. In the Complaint, Plaintiff alleges, *inter alia*, that she is the "owner of a Long-Term Disability Policy from Defendant[s], Policy No. LK0960217" (the "Policy"). Complaint, ¶ 4.

9. Plaintiff also asserts that, "[a]t all relevant times, Plaintiff was employed as a Secretary for the University of Scranton." Complaint, ¶ 5.

10. Plaintiff alleges that Defendants denied Plaintiff's request for long term disability benefits under the Policy and denied her request for waiver of premium coverage for Group Term Life Insurance. Complaint, ¶¶ 11.

11. Plaintiff seeks a declaratory judgment that "Plaintiff is disabled as defined in the Policy and that Plaintiff is entitled to benefits thereunder from November, 2010, continuing to the future," and "for all costs associated therewith." Complaint, ¶ 12.

12. Plaintiff also alleges that Defendants breached a duty of good faith in the administration of the Policy and seeks punitive damages under the assertion that Defendants' alleged breach was "outrageous." Complaint, ¶ 18.

13. The Policy attached to the Complaint makes clear that the Policy was not procured by Plaintiff, but by Plaintiff's employer, the University of Scranton, to provide health benefits to its employees. See Complaint, page 8 (identifying "The University of Scranton" as the "Policyholder" of the "Group Policy").

14. The federal district courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.

15. Any civil action filed in a state court, over which a federal district court would have original jurisdiction, shall be removable by a defendant to the district court of the United States for the district and division where the action is pending. 28 U.S.C. § 1441(a).

16. The Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* applies to any employee benefit plan established or maintained by "any employer engaged in commerce or in any industry or activity affecting commerce." 29 U.S.C. § 1003(a).

17. ERISA defines "employee benefits plan" as "an employee welfare benefits plan or an employee pension benefit plan or a plan which is both." 29 U.S.C. § 1002(3).

18. ERISA defines an "employee welfare benefit plan" as a plan "established or maintained by an employer or by an employee organization . . . to the extent such plan . . . was established or is maintained for the purpose of providing for its participants or their beneficiaries,

through the purchase of insurance or otherwise, (A) medical, surgical or Hospital care or benefits, or benefits in the event of ... disability ...." Id. § 1002(1).

19. It is believed and therefore averred that the administration of the Policy is governed by ERISA.

20. Plaintiff's claims in this case fall under ERISA's civil enforcement provisions, Section 502(a) of ERISA, 29 U.S.C. § 1132(a).

21. The district courts of the United States have jurisdiction, without respect to the amount in controversy or the citizenship of the parties, over claims arising under ERISA's civil enforcement scheme. Section 502(f) of ERISA, 29 U.S.C. § 1132(f). See 28 U.S.C. § 1441(b).

22. The United States Supreme Court has held that state-law claims arising under Section 502(a) of ERISA, 29 U.S.C. § 1132(a), are preempted even if the complaint on its face does not purport to be a claim under that statute, and that such claims are removable to federal court. Met. Life Ins. Co. v. Gen. Motors Corp., 481 U.S. 58, 66 (1987).

23. A claim alleging that a health plan has improperly failed to pay benefits falls squarely within Section 502(a) of ERISA, such that complete preemption applies making the claim removable to federal court.

24. Accordingly, because Plaintiff's Complaint raises claims under section 502(a) of ERISA, 29 U.S.C. § 1132(a), removal is appropriate. See 28 U.S.C. §§ 1331, 1441.

25. A true copy of this Notice of Removal will be provided to plaintiff's counsel, pursuant to 28 U.S.C. § 1446.

26. Pursuant to 28 U.S.C. § 1446(d), a true copy of this Notice of Removal will be filed with the Prothonotary of the Court of Common Pleas for Luzerne County, Pennsylvania.

27. This Notice of Removal is filed subject to and without waiver of any rights Defendants may have with respect to Plaintiff's claims.

WHEREFORE, pursuant to 28 U.S.C. §§ 1331 and 1441 et seq., Defendants respectfully requests that Plaintiff's civil action be removed from the Court of Common Pleas, Luzerne County, to the United States District Court for the Middle District of Pennsylvania.

> Respectfully submitted,
>
> Saul Ewing LLP
>
> /s/ James A. Keller
> James A. Keller, Esq.
> Caitlin Piccarello Strauss, Esq.
> 1500 Market Street, 38th Floor
> Philadelphia, PA 19102
> (215) 972-7777
> jkeller@saul.com
> cstrauss@saul.com
>
> *Attorneys for Defendants*

Dated: July 14, 2014